# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

JOHNNY THORNTON,             :

    Plaintiff,                  :

vs.                             :         CA 09-0461-C

MICHAEL J. ASTRUE,        :
Commissioner of Social Security,

                              :

    Defendant.

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule

54(d)(2)(D) of the Federal Rules of Civil Procedure, on plaintiff's application for

an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412 (Doc. 28). Upon consideration of all pertinent materials contained

in this file, it is determined that plaintiff should receive a reasonable attorney's fee

in the amount of $1,800.00 under the EAJA for legal services rendered by his

attorney in this Court. *See Astrue v. Ratliff*, __ U.S. __, 2010 WL 2346547, *4 &

*5 (2010) ("Ratliff [] asserts that subsection (d)(1)(A)'s use of the verb 'award'

renders § 2412(d) fees payable directly to a prevailing party's attorney[.] . . . We

disagree. . . . The plain meaning of the word 'award' in subsection (d)(1)(A) is []

that the court shall 'give or assign by . . . judicial determination' to the 'prevailing

party' (here, Ratliff's client Ree) attorney's fees in the amount sought and

1

substantiated under, *inter alia,* subsection (d)(1)(B). . . . The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney. For the reasons we have explained, the statute's pain text does the opposite-it 'awards' the fees to the litigant[.]").

## FINDINGS OF FACT

1.      On April 19, 2010, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  (Doc. 27; *see also* Doc. 26)

2.      The motion for an award of attorney's fees under the EAJA was filed on June 18, 2010 (Doc. 28), sixty (60) days after entry of final judgment (*compare id. with* Doc. 27).  In the motion, plaintiff requests attorney's fees in the amount of $2,193.38 to compensate his attorney for the time (12.75 hours) spent representing him before this Court as of the date of the filing of the fee application. (*See* Doc. 28)

3.      The Commissioner of Social Security filed his response to plaintiff's EAJA application on July 1, 2010 and therein advises the Court that the parties have reached a compromise settlement of plaintiff's request for EAJA fees in the amount of $1,800.00 (*see* Doc. 30).

## CONCLUSIONS OF LAW

1.      The Equal Access to Justice Act requires a district court to "award to

a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is imminently clear in this case that plaintiff is a prevailing party under the EAJA[1] and that the position of the United States in this case was not substantially justified.

2.      The EAJA requires a prevailing party to file a motion for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of April 19, 2010 became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, June 18, 2010. The application filed in this case, bearing a date of June 18, 2010, is obviously timely.

3.      The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461 U.S. 424,

---

[1]      "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)(§ 1988); *see Jean v. Nelson*, 863

F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours

expended in the context of contentions by the government that the fee requests

were not supported by sufficient documentation and often involved a duplication

of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct.

2316, 110 L.Ed.2d 134 (1990).

> This calculation provides an objective basis on which to make an
> initial estimate of the value of a lawyer's services. The party
> seeking an award of fees should submit evidence supporting the
> hours worked and the rates claimed. Where the documentation of
> hours is inadequate, the district court may reduce the award
> accordingly. The district court also should exclude from this initial
> fee calculation hours that were not "reasonably expended." . . .
> Cases may be overstaffed, and the skill and experience of lawyers
> vary widely. Counsel for the prevailing party should make a good-
> faith effort to exclude from a fee request hours that are excessive,
> redundant, or otherwise unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude such hours from his fee
> submission. "In the private sector, 'billing judgment' is an
> important component in fee setting. It is no less important here.
> Hours that are not properly billed to one's *client* also are not
> properly billed to one's adversary pursuant to statutory authority."

*Hensley, supra*, 461 U.S. at 433-434, 103 S.Ct. at 1939-1940 (citations omitted);

*see also id.*, at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of

establishing entitlement to an award and documenting the appropriate hours

expended and hourly rates."); *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428

(11th Cir.1999) ("If fee applicants do not exercise billing judgment, courts are

obligated to do it for them, to cut the amount of hours for which payment is

sought, pruning out those that are 'excessive, redundant, or otherwise

unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

4.      In *Norman, supra*, the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306.

5.      Given the compromise settlement (Doc. 30), it is apparent that the parties have agreed that plaintiff's counsel spent less than the 12.75 hours reflected on the itemization attached to the application for fees on legal tasks in this case.

6.      With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

The amount of fees awarded under this subsection shall be based

upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

7.     In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

8.     For years, the prevailing market rate in the Southern District of Alabama was $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. This Court has adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart*, CA 06-0147-C, Doc. 32. More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[2])/ 152.4, where 152.4

---

[2]     "The appropriate endpoint for computing the cost of living adjustment is the

equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Id.* at 11, quoting Doc. 31, at 2)

9.  The temporal midpoint in this case was November 26, 2009, the complaint having been prepared on or about July 6, 2009 (*see* Doc. 28, Professional Services) and the Court having entered its order and judgment on April 19, 2010 (Docs. 26-27). The CPI-U for November of 2009 was 209.738. Plugging the relevant numbers into the foregoing formula renders the following equation: $125x209.738/152.4. Completion of this equation renders an hourly rate of $172.03.

10.  It is impossible to tell from the compromise settlement whether the parties utilized the foregoing hourly rate to determine the amount of attorney's fees plaintiff should be awarded under the EAJA. Nevertheless, the Court's decision reflects the foregoing analysis since it is this analysis that normally controls in EAJA fee cases and presumably played a part in the parties reaching a compromise settlement in this case.

## CONCLUSION

The Court **ORDERS** that plaintiff be awarded attorney's fees in the amount

---

temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." *Lucy v. Barnhart*, CA 06-0147-C, Doc. 31, at 3.

of $1,800.00 under the Equal Access to Justice Act.

**DONE** and **ORDERED** this the 21st day of July, 2010.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**