IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY RAY THORNTON, | : |
| Plaintiff, | : |
| v. | :   CA 2:09-00461-C |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : |
| Defendant. | : |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on the petition for authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 33; *see also* Doc. 34 (motion to supplement)).[1]  Upon consideration of all pertinent materials contained in the file, it is determined that the petitioner should receive a reasonable fee in the amount of $13,278.75 under the Social Security Act.

### Findings of Fact

William T. Coplin, Jr., Esquire, was hired by the plaintiff to represent him in connection with his claim for Supplemental Security Income and Disability Insurance Benefits on October 3, 2006. (*See* Doc. 33-2 (the "Attorney Fee Agreement").)  The Attorney Fee Agreement provides, in part, that if the plaintiff receives a favorable decision from the Social Security Administration (the "Administration") after the decision of a federal court, the plaintiff will pay his attorney "a fee equal to 25% of all

---

[1] On August 17, 2012, the petitioner moved to supplement the motion for attorney's fees with a copy of the May 23, 2012 Fully Favorable Decision issued by the ALJ on remand. That motion is hereby **GRANTED**.

past-due benefits" regardless of an otherwise applicable limit set forth in the Attorney Fee Agreement. (*See id.*, ¶ 4.)

On April 19, 2010, this Court entered a memorandum opinion ordering that the Commissioner of Social Security's decision denying the plaintiff benefits be reversed and remanded for further proceedings (Doc. 26). After this Court's remand, the Administrative Law Judge ultimately rendered a fully favorable decision, dated May 23, 2012, in which the ALJ determined that the plaintiff is disabled and entitled to disability insurance benefits commencing August 31, 2005, his protective date.[2] (*See* Doc. 34-1.)

Based on the plaintiff's "Notice of Award" from the Administration (Doc. 33-3), the petitioner has calculated that the plaintiff's past due benefits amount to $77,115.00 (*see id.* at 2). Twenty-five percent (25%) of the total past due benefits is $19,278.75. But, because the petitioner has already been paid $6,000 for administrative attorney fees (*see* Doc. 33-4), he is only requesting that $13,278.75 be approved as an attorney's fee for legal services rendered to the plaintiff—which represents the remainder of 25% of the past-due benefits to which the Administration has determined that the plaintiff is entitled under the Act, less the $6,000 the petitioner has received from the Administration for services rendered before it—for the 12.75 hours he spent before this Court representing the plaintiff (*see* Doc. 33-5).

## Conclusions of Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may

---

[2] On remand, the plaintiff, "acting by and through his representative[,] amended the alleged onset date of disability to August 31, 2005." (Doc. 34-1 at 5.)

award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[3]   Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."   *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted; emphasis in original); *see Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

    The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."   *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002); *see also id.* at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . .   Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

---

[3]   "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."   *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (internal citations omitted).

In line with *Gisbrecht*, therefore, this Court need begin with the contingency fee agreement and should only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, including the Second Circuit, in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable"); *see also Gisbrecht*, 535 U.S. at 799 & 808-09.

In this matter, the Administration has determined that the past-due disability insurance benefits to which the plaintiff is entitled to receive total $77,115.00 (*see* Doc. 33-3 at 2); 25% of this amount is $19,278.75. The contingency agreement, which the plaintiff entered into on October 3, 2006, contemplates attorney's fees of as much as 25%

4

of the claimant's past-due benefits following a favorable decision (*see* Doc. 33-2, ¶ 4), and it is apparent to the Court that the amount requested by the petitioner herein ($13,278.75), when combined with the $6,000.00 the petitioner has been awarded by the Administration, is not more than 25% of the past-due benefits the plaintiff has been awarded in this case.  Moreover, there is no evidence that the petitioner delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to the petitioner.[4]  Given the length of petitioner's relationship with the claimant (almost six years) and the favorable results achieved by petitioner for the claimant, the Court considers the requested amount reasonable.

Finally, the Court notes that the Administration's "Notice of Award" letter appears to contain an error.  Instead of withholding the entire attorney's fee award (twenty-five percent) from the plaintiff's past-due benefits, the Commissioner erroneously states that "[u]nder the fee agreement, the representative cannot charge you more than $6,000.00 for his or her work[ and b]ecause of the law, we usually withhold 25 percent of the total past-due benefits to pay an approved representative's fee.  [But, here, we only] withheld $6,000.00 from your past-due benefits to pay the representative."  (Doc. 33-3 at 2.)  This error by the Commissioner does not deprive the petitioner of the proper amount of attorney's fees due to him under the contingency fee agreement, an amount the Court finds to be reasonable.  For example, in *Silliman v. Barnhart*, 421 F. Supp. 2d 625 (W.D.N.Y. 2006), the Commissioner acknowledged an identical error (there, withholding only $4,000.00 instead of the entire attorney's fee award (25%)) and

---

[4] The request, when broken down, renders an hourly rate of approximately $1,041.47.

> sent a letter to plaintiff and [his attorney] alerting them of the error, as well as plaintiff's obligation to pay her attorney the amount of the court-approved fee. The letter also informed plaintiff that if she did not pay the attorney's fee balance approved by the Court, the Commissioner would have to take action to withhold the amount from plaintiff's future benefits until the balance owing was paid in full.

*Id.* at 625.   And the court concluded,

> [g]iven plaintiff's clear obligation under the contingency-fee agreement to pay [her attorney] the fee, as well as the instant Order of the Court finding the fee to be reasonable and, as set forth below, directing plaintiff to pay the balance owing to [her attorney].   I expect full compliance by plaintiff.

*Id.*

Accordingly, the Court authorizes the petitioner to receive, as a fee for services rendered before this Court, the sum of $13,278.75, which, when added to the $6,000.00 the petitioner has received from the Administration, represents 25% of the total of past-due benefits awarded to the plaintiff.   Upon receipt of this money, the petitioner must then, of course, refund to the claimant the smaller attorney-fee award made in this case.   *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"); *see also Watford*, 756 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court.").

## Conclusion

The Court **ORDERS** that the petitioner receive as an attorney's fee for services rendered in this Court for the sum of $13,278.75 pursuant to 42 U.S.C. § 406(b).   Upon

receipt of this award, the petitioner is to refund to the plaintiff the smaller EAJA attorney-fee award paid in this case ($1,800.00 (*see* Docs. 31 & 32)).

    **DONE and ORDERED** this the 20th day of August, 2012.

                                                          s/WILLIAM E. CASSADY
                                                          **UNITED STATES MAGISTRATE JUDGE**